**E-filing**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,

v.

R. VILLANUEUS, E. SANCHEZ, WASHINGTON,

    Defendants.

No. C 07-4538 TEH (PR)

ORDER OF DISMISSAL

(Docket nos. 3, 9, 10)

Plaintiff, a prisoner of the State of California currently incarcerated at High Desert State Prison in Susanville, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that on two occasions when Plaintiff was scheduled to appear at Court, officials at Salinas Valley State Prison did not honor his medical "chrono" authorizing him to wear soft soled shoes, instead ordering him to wear a prison-issued jumpsuit and "kung fu" (hard soled) shoes to attend these Court appearances. Plaintiff has filed two motions seeking screening of the complaint, which are now GRANTED (docket nos. 3, 9). His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

In his 14 page complaint, Plaintiff complains that officials were deliberately indifferent to his medical needs for soft shoes when they required him to wear "kung fu" shoes that he describes as equivalent to "feeling the results of walking barefoot on the concre[]te ground without any shoes" on two separate days when he attended court appearances. Complaint at 9. Plaintiff complains that officials were aware of his need for medically-ordered soft shoes and disregarded it, alleging his "feet were in pain from the time period of w[e]aring the ill fitting kung fu shoes." Id.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's

medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See id. at 1060. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer, 511 U.S. at 832. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834

(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, see id. (citing Wilson, 501 U.S. at 297). Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. See, e.g., Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force); Anderson, 45 F.3d at 1314-15 (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds, 493 U.S. 801 (1989); DeMallory v. Cullen, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water). Federal courts instead should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. See Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981).

In this case, the two day deprivation of soft shoes on Plaintiff's court visits does not rise to the level of a constitutional violation. While Plaintiff alleges that he suffered foot pain as a result of wearing the prison-issued shoes to court equivalent to that caused by walking on concrete barefoot, this does not rise to the wanton infliction of substantial pain contemplated by the Eighth Amendment.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim. Plaintiff's motion seeking return of legal materials and access to

4

| | |
|---|---|
| 1 | the library at High Desert State Prison is DENIED, because the responsible |
| 2 | officials are not a party to this action and not subject to the jurisdiction of this |
| 3 | Court (docket no. 10). The Clerk shall enter judgment accordingly and close the |
| 4 | file. |

SO ORDERED.

DATED: 2/2/09

THELTON E. HENDERSON
United States District Judge

5